1  LAFAYETTE & KUMAGAI LLP
   SUSAN T. KUMAGAI (State Bar No. 127667)
2  CLARIZA C. GARCIA (State Bar No. 189918)
   100 Spear Street, Suite 600
3  San Francisco, California 94105
   Telephone: (415) 357-4600
4  Facsimile: (415) 357-4605
   Email: skumagai@lkclaw.com
5
6  Attorneys for Defendants
   MACY'S CREDIT AND CUSTOMER SERVICES, INC. and
   MACY'S WEST STORES, INC.
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  GARNER BECKETT,                          )  CASE NO. C12-04321 HRL
                                             )
12              Plaintiff,                    )  **DEFENDANTS MACY'S CREDIT
                                             )  AND CUSTOMER SERVICES,
13       vs.                                  )  INC.'S AND MACY'S WEST STORES,
                                             )  INC.'S NOTICE OF MOTION AND
14  MACY'S CREDIT AND CUSTOMER               )  MOTION FOR PARTIAL DISMISSAL
    SERVICES, INC., a Ohio Corporation, aka  )  PURSUANT TO FRCP 12(b)(6);
15  MACYSDSNB and DSNB MACYS, and            )  MEMORANDUM OF POINTS AND
    MACY'S WEST STORES, INC., a Ohio         )  AUTHORITIES IN SUPPORT THEREOF**
16  Corporation, and Does 1 through 5 inclusive, )
                                             )  **[Fed. R. Civ. P. 12(b)(6)]**
17              Defendants.                   )
                                             )  **[Proposed] Order lodged**
18                                           )
                                             )  Date:   September 25, 2012
19                                           )  Time:   10 a.m.
                                             )  Dept:   Courtroom 2, 5th Floor
20                                           )          San Jose Courthouse
                                             )  Judge: Hon. Howard R. Lloyd
21                                           )

22       **TO THIS HONORABLE COURT, TO PLAINTIFF, AND TO ALL PARTIES AND

23  HIS ATTORNEYS OF RECORD:**

24       **PLEASE TAKE NOTICE** that on September 25, 2012, at 10 a.m. or as soon thereafter

25  as the matter may be heard in Courtroom 2 of the above-entitled Court located at 280 South 1st

26  Street, San Jose, California 95113 before the Honorable Howard R. Lloyd, United States

27  Magistrate Judge, Defendants Macy's Credit and Customer Services, Inc. ("MCCS") and Macy's

28  West Stores, Inc. ("MWSI") (collectively, the "Defendants") will and hereby do respectfully

-1-

1  move this Court for an order dismissing, in part, Plaintiff Garner Becket's ("Plaintiff") claims

2  without leave to amend.

3      This motion is made pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on the

4  ground that Plaintiff's claim for violation of the California Consumer Credit Reporting Agencies

5  Act, CAL. CIV. CODE § 1785.25(b), fails to state a claim upon which relief can be granted

6  because this statutory provision is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681

7  *et seq.*

8      This motion is based upon this notice of motion and motion, the accompanying

9  memorandum of points and authorities, and all pleadings, papers, and records on file in this

10  action, deemed to be on file, or of which this Court may take judicial notice as of the time the

11  motion is heard, and upon such further oral argument and documentary evidence as may be

12  presented at the time of the hearing.

13

14  Dated: August 21, 2012                          Respectfully submitted,
                                                     LAFAYETTE & KUMAGAI LLP
15

16

17                                                   /s/ Susan T. Kumagai
                                                     SUSAN T. KUMAGAI
18                                                   Attorneys for Defendants
                                                     Macy's Credit and Customer Services, Inc.
19                                                   and Macy's West Stores, Inc.

20

21

22

23

24

25

26

27

28

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Garner Beckett's ("Plaintiff") Complaint fails, in part, as a matter of law and the defects therein are incapable of amendment. Plaintiff alleges the Defendants have violated two sections of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25(a)-(b) ("CCRAA").   Plaintiff's cause of action arising out of the alleged violation of CCRAA § 1785.25(b) fails as a matter of law because that provision is preempted by the United States Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  For this reason, Plaintiff's claim arising out of an alleged violation of CAL. CIV. CODE §1785.25(b) should be dismissed with prejudice.

### II.   RELEVANT FACTS

Plaintiff claims the Defendants furnished inaccurate information regarding his Macy's credit card account to one or more of the credit reporting agencies in violation of the CCRAA, CAL. CIV. CODE § 1785.25 *et seq*. Specifically, Plaintiff claims he "completed an application for a Macy's credit card which was granted by Macy's."  (Complaint, ¶ 9.)  Plaintiff then states, "Macy's mailed bills for plaintiff's Macy's credit card purchases to plaintiff, which plaintiff paid in June 2010.   Defendants retained the payment by plaintiff, without crediting plaintiff's account." (Complaint, ¶ 10.)  Plaintiff contends Macy's then "falsely reported" to the three credit reporting agencies (Equifax, Experian, and TransUnion) "that plaintiff had failed to pay his credit card bill and that it was delinquent."  (Complaint ¶¶ 11-12.) As a result, Plaintiff claims Defendants "violated Cal. Civ. Code §1785.25(b) in that defendants did not follow reasonable procedures to assure the maximum possible accuracy of the information concerning plaintiff, thereby causing the falsely reported information discussed above to be maintained in plaintiff's credit report."  (Complaint, ¶ 17.)

### III.   DISCUSSION

#### A.   Legal Standard on Motion to Dismiss Under Rule 12 (B)(6)

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." FED. R.

CIV. P. 12(b)(6). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or a plaintiff fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). Moreover, a court should not grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

   B.   **Plaintiff's Claim Under CCRRA § 1785.25(b) Fails to State a Claim Upon Which Relief Can Be Granted Because CCRRA § 1785.25(b) Is Preempted by the FCRA.**

   Plaintiff's Complaint alleges, in part, a violation of CCRAA § 1785.25(b).  (Complaint, ¶ 17.)  This claim should be dismissed because § 1785.25(b) is preempted by the FCRA. The FCRA states, in pertinent part:

> No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . (F) section 623 [§ 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply . . . (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on the date of enactment of the Consumer Credit Reporting Reform Act of 1996).

15 U.S.C. § 1681t(b)(1)(F).

   Under the FCRA, while claims brought under CCRRA § 1785.25(a) are expressly excluded from preemption, claims brought under other substantive sections of the CCRRA, including § 1785.25(b), are not expressly excluded and therefore are preempted. *See Carvalho v. Equifax Information Servs., LLC* (9th Cir. 2010) 629 F.3d 876, 889 ("Because section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA, [plaintiff's] section 1785.25(f) claim is preempted."); *El-Aheidab v. Citibank (South Dakota), N.A.* (N.D. Cal. Feb. 15, 2012) No. 11-5359, 2012 U.S. Dist. LEXIS 19038, *15-20, 32-33 (dismissing with prejudice claim based on CCRRA § 1785.25(b) due to preemption by FCRA); *Wang v. Asset Acceptance, LLC* (N.D. Cal. 2010) 681 F.Supp.2d 1143, 1147  (holding CCRAA § 1785.25(c) is preempted by the FCRA); *Corby v. Am. Express Co.* (C.D. Cal. Oct. 5, 2011) No. 10-5575, 2011

1   U.S. Dist. LEXIS 115772, *22-24 (FCRA preempts claims other than those under § 1785.25(a)).

2   *Cf. Lin v. Universal Card Servs. Corp.* (N.D. Cal. 2002) 238 F.Supp.2d 1147, 1149 (upholding

3   concession by plaintiff that claim under CCRRA § 1785.25(b) was preempted by FCRA), *rev'd*

4   *on other grounds*, *Carvalho v. Equifax Information Servs., LLC* (9th Cir. 2010) 615 F.3d 1217,

5   1228.

6         Because § 1785.25(b) of the CCRAA is preempted by the FCRA, Plaintiff's claim arising

7   out of § 1785.25(b) must be dismissed with prejudice.

8   **I.**      <u>**CONCLUSION**</u>

9         For the reasons set forth above, this Court should dismiss Plaintiff's claim for alleged

10   violations of CAL. CIV. CODE § 1785.25(b) with prejudice.

11

12   Dated: August 21, 2012               Respectfully submitted,
                                 LAFAYETTE & KUMAGAI LLP

13

14

15                                /s/ Susan T. Kumagai

16                                SUSAN T. KUMAGAI
                                 Attorneys for Defendants

17                                Macy's Credit and Customer Services, Inc.
                                 and Macy's West Stores, Inc.

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

     I certify that a copy of this document was served electronically on August 21, 2012, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

3

4

                            */s/ Susan T. Kumagai*

5

                            SUSAN T. KUMAGAI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion for Partial Dismissal Pursuant to FRCP 12(b)(6) – Case No. C12-04321 HRL